## McCORMICK v BAIRD

Ohio Appeals, 4th Dist, Brown Co.

Decided May 20, 1929

John H. Houston and Young & Barnes, all of Georgetown, for McCormick.

Bagby & Bagby, Georgetown, for Baird.

Judges LEMERT (5th Dist.) and MAUCK (4th Dist.) sitting

BY THE COURT

It has been argued on behalf of the plaintiff that inasmuch as this appears to be an exception from the lands granted that the strip in question was never conveyed to the defendant's predecessor and that the fee inhered in the grantor in the deed of 1874 and is now in the plaintiff. This view is not sustained by the language of the deed nor by the practical construction put on that instrument by the parties thereto. The deed referred to conveyed all of the property and there was saved and excepted therefrom not a strip blank poles wide but an outlet over that strip. Moreover, the language of the petition itself avers the plaintiff's possession of an outlet rather than of the fee itself. The dictionary defines an outlet as a means of egress, so that the exception was of a means of egress and not of the fee, to which the right of egress attached. It is quite apparent therefore that what the plaintiff owns is a right of passage over the land in question, and this does not mean the right to exclude the defendant from use of the property. He has every right therein that does not impair the plaintiff's right to pass thereover.

The remedy prayed for by the plaintiff was that her title be quieted and the defendant be adjudged to have no estate or interest in the property in question. It is not clear to us whether she meant to pray for a decree that the defendant had no interest in the land or had no interest in the outlet. The plaintiff's rights are not, however, to be determined by the prayer of her petition. There is considerable dispute as to the extent to which she and her tenant have been interfered with in the use of the property, and so far as a decree of this court can do so it is proper that the rights of the parties be defined.

We find that the defendant is the owner of the fee, that the plaintiff as the owner of her farm has a right to use this strip as a means of egress from and ingress to her farm, that this right of passage is a dominant right in the premises and can not be impaired by the defendant, that the parties by their conduct at the time the deed was made and ever since have fixed the right of the plaintiff to use this outlet as one to be enjoyed without gates or bars, that the defendant has no right to interfere with plaintiff's enjoyment of the outlet by blocking the same with wagons, implements or other impedimenta, and no right to subject the outlet to such use as will destroy the roadbed. The entry will fix the fee in the defendant and enjoin him from interfering with plaintiff's use of the outlet in any of the ways indicated herein.

While the deed itself would justify fixing the width of the outlet at two rods the practical construction given to the instrument by the conduct of the parties justifies the finding made in the Common Pleas that its width is and should be thirty feet.

Each party will pay his own witnesses and the other costs will be taxed one half to the plaintiff and one half to the defendants William and Agnes Baird.

Mauck and Lemert, JJ, concur.